# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11408
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 17, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee

v.

LARRY JAMES WILLIAMS, JR.,

Defendant–Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CR-139-1

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Larry James Williams, Jr. appeals the 11-month sentence imposed following revocation of his supervised release. He contends that his sentence was procedurally unreasonable because the district court failed to address his arguments in favor of mitigation. Although he concedes that he did not timely object to the district court's explanation, Williams contends that this issue should be reviewed de novo in light of *Chavez-Meza v. United States*, 139 S. Ct. 1959 (2018). We adhere to our established precedent, *see United States v.*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11408

*Boche-Perez*, 755 F.3d 327, 334 (5th Cir. 2014) (rule of orderliness), and we review for plain error, *see United States v. Mondragon-Santiago*, 564 F.3d 357, 364 (5th Cir. 2009).

To prevail on plain error review, Williams must show a (1) forfeited error (2) that is clear or obvious and (3) that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error, but only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted).

Williams has not made the requisite showing. While the district court did not specifically address Williams's mitigation arguments in support of a lesser sentence, it did listen to these arguments and ultimately concluded that a sentence in the middle of the policy range was adequate. The failure to provide more specific reasons for rejecting Williams's arguments for a lesser sentence does not constitute clear or obvious error. *Rita v. United States*, 551 U.S. 338, 356 (2007); *Puckett*, 556 U.S. at 135.

AFFIRMED.